## Servedio v A.O. Smith Water Prods. Co.

2023 NY Slip Op 34538(U)

December 27, 2023

Supreme Court, New York County

Docket Number: Index No. 190144/2018

Judge: Adam Silvera

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | | |
|---|---|---|---|
| PRESENT: | **HON. ADAM SILVERA** | PART | **13** |
| | *Justice* | | |

------------------------------------------------------------X

CHARLES SERVEDIO,

                         Plaintiff,

                - v -

A.O. SMITH WATER PRODUCTS CO, AMCHEM
PRODUCTS, INC.,BORGWARNER MORSE TEC LLC.,
BURNHAM, LLC,CARRIER CORPORATION,
CERTAINTEED CORPORATION, CRANE CO,
CYCLOTHERM OF WATERTOWN, INC, DANA
COMPANIES, LLC,ECR INTERNATIONAL, CORP., H.B.
FULLER COMPANY, HONEYWELL INTERNATIONAL,
INC.,ITT LLC., J.H. FRANCE REFRACTORIES COMPANY,
KOHLER CO, OWENS-ILLINOIS, INC, PEERLESS
INDUSTRIES, INC, PFIZER, INC. (PFIZER), REYNOLDS
METALS COMPANY, RHEEM MANUFACTURING
COMPANY, SCHNEIDER ELECTRIC USA, INC.
FORMERLY KNOWN AS, SLANT/FIN CORPORATION,
U.S. RUBBER COMPANY (UNIROYAL), UNION CARBIDE
CORPORATION, WEIL-MCLAIN, A DIVISION OF THE
MARLEY-WYLAIN COMPANY, A WHOLLY OWNED
SUBSIDIARY OF, LEVITON MANUFACTURING CO., INC.,

                         Defendant.

| | |
|---|---|
| INDEX NO. | 190144/2018 |
| MOTION DATE | 06/30/2023 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON
MOTION**

------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 002) 196, 197, 198, 199,
200, 201, 203, 204, 205

were read on this motion to/for                    _____MISCELLANEOUS_____ .

Upon the foregoing documents, it is ordered that plaintiff's order to show cause for joint

trials is granted for the reasons set forth below.

Here, plaintiff moves for a joint trial of fifteen actions, to be consolidated into six groups.

Plaintiff seeks to consolidate these fifteen actions as follows:

[* 1]

Group 1 – plaintiff seeks to consolidate *Servedio v AO Smith Water Products Co.*, 190144/2018, with *Funicello v Amchem Products, Inc., et. al.*, 190247/2019. Defendants oppose and plaintiff replies.

Group 2 – plaintiff seeks to consolidate *Frankini v Aerco Int'l, Inc., et. al.*, 190165/2020, with *Bomzer v A.F. Rockland Plumbing, et. al.*, 190019/2020. Defendants oppose and plaintiff replies.

Group 3 – plaintiff seeks to consolidate *McCabe v ABB, Inc.*, 190036/2019, with *Moore v AO Smith Water Products Co.*, 190054/2017, and *Surace v Amchem Products, Inc.*, 190017/2014. Defendants oppose and plaintiff replies.

Group 4 – plaintiff seeks to consolidate *Salinari, Sr. v Air & Liquid Systems*, 190151/2019, with *Sanese v AO Smith Water Products Co.*, 190190/2013, and *Goldstein v Amchem Products, Inc.*, 190159/2020. Defendants oppose and plaintiff replies.

Group 5 – plaintiff seeks to consolidate *Ober v Amchem Products, Inc.*, 190465/2018, with *Burns v AO Smith Water Products Co.*, 190016/2019, and *Sudano v AO Smith Water Products Co.*, 190175/2017. Defendants oppose and plaintiff replies.

Group 6 – plaintiff seeks to consolidate *Mooney v Amchem Products, Inc.*, 190249/2019, with *Cloonan v Aerco Int'l, Inc.*, 190014/2019. Defendants oppose and plaintiff replies.

The Case Management Order dated June 20, 2017 (hereinafter referred to as the "CMO") states that "[t]wo cases may be joined for trial where plaintiff demonstrates that joinder is warranted under *Malcolm v National Gypsum Co.* (995 F2d 346), and New York State cases interpreting *Malcolm*. *Malcolm* and its progeny list factors to measure whether cases should be joined; it is not necessary under *Malcolm* that all such factors be present to warrant joinder."

**190144/2018 SERVEDIO, CHARLES vs. A.O. SMITH WATER PRODUCTS CO**
**Motion No. 002**

**Page 2 of 10**

2 of 10

[* 2]

CMO, §XXV. B. The factors to be considered under *Malcolm* are "(1) common worksites; (2) similar occupation; (3) similar time of exposure; (4) type of disease; (5) whether plaintiffs were living or deceased; (6) status of discovery in each case; (7) whether all plaintiffs were represented by the same counsel; and (8) type of cancer alleged". *Malcolm*, 955 F2d at 350-351. The United States Court of Appeals, 2nd Circuit, further noted that "[c]onsolidation of tort actions sharing common questions of law and fact is commonplace. This is true of asbestos-related personal injury cases as well." *Malcolm, id.* at 350 (internal quotations and citations omitted). As to consolidation of three cases, the CMO states that "[u]pon good cause shown, a Trial Judge in NYCAL may join a maximum of three cases for trial where it determines that 1) joinder is warranted under three or more of the factors described in *Malcolm* and New York State cases interpreting *Malcolm*, and 2) where the three plaintiffs share the same disease. For purposes of this section 'same disease' shall mean that all the plaintiffs in the three cases proposed to be joined for trial share one of the following four categories of disease: 1) pleural mesothelioma, or 2) non-pleural mesothelioma, or 3) lung cancer, or 4) other cancers." CMO, §XXV. B.

Plaintiff argues that consolidation of the cases for joint trial as specified in the groups above is appropriate. Plaintiff contends that the *Malcolm* factors were met and consolidation must be granted. Defendants jointly oppose, arguing that the CMO specifically states that no more than two cases should be joined but, in several of the proposed groups, plaintiff is attempting to join three cases in contravention of the CMO. Defendants further argue that plaintiff failed to meet the burden to establish sufficient commonalities amongst the actions, and that a joint trial would be contrary to judicial economy and prejudicial to defendants.

As to Group 1, the instant action and *Funicello v Amchem Products, Inc., et. al.,*

190144/2018   SERVEDIO, CHARLES vs. A.O. SMITH WATER PRODUCTS CO
Motion No. 002                                                                    Page 3 of 10

3 of 10

190247/2019, after reviewing all the *Malcolm* factors, the Court finds that plaintiffs, Mr. Servedio and Mr. Funicello were both exposed to asbestos through their employment maintaining, repairing, and inspecting boilers and through their handling of boilers. Moreover, Mr. Servedio and Mr. Funicello's overlapping period of exposure spanned two decades from the 1950s to the 1970s. Additionally, both plaintiffs developed lung cancer from which both plaintiffs are currently battling, the discovery in both actions are complete, and the plaintiffs have the same counsel. Additionally, defendants Burnham, LLC, Crane Co., Peerless Industries, Inc., and Weil-McLain are common defendants. Thus, at least six of the eight *Malcolm* factors have been satisfied.

With regards to Group 2, plaintiff seeks to consolidate *Frankini v Aerco Int'l, Inc., et. al.*, 190165/2020, with *Bomzer v A.F. Rockland Plumbing, et. al.*, 190019/2020. In addition to the joint opposition by all defendants, defendant Union Carbide Corporation submits individual opposition papers. Defendant Union Carbide Corporation argues that there are laws and facts specific to it in the cases in which it is a defendant, joint trials are not permissible where plaintiff seeks punitive damages, and that plaintiff failed to satisfy the Malcolm factors or establish that consolidation would not confuse the jury and prejudice defendants. However, despite the defendants' contentions, Mr. Bomzer and Mr. Frankini were both exposed to asbestos through their employment as plumbers and through their handling of similar materials and equipment such as boilers. These two plaintiffs have similar times of exposure in that Mr. Bomzer was exposed to asbestos from 1968 to 1986 and Mr. Frankini was exposed to asbestos from 1961 to 1990. Moreover, both plaintiffs developed lung cancer from which both plaintiffs are currently battling, the discovery in both of these actions are complete, and both plaintiffs have the same

190144/2018   SERVEDIO, CHARLES vs. A.O. SMITH WATER PRODUCTS CO          Page 4 of 10
Motion No. 002

4 of 10

counsel. Additionally, defendants Burnham LLC, Columbia Boiler Company of Pottstown, Crane Co., Dunkirk Boilers, ITT Industries, Inc., ITT LLC, Jenkins Bros., Peerless Industries, Inc., Union Carbide Corporation, Utica Boilers, Inc., individually and as successor to Utica Radiator Corporation, and Weil-McLain are common defendants. Thus, seven of the eight *Malcolm* factors have been satisfied.

Regarding Group 3, plaintiff seeks to consolidate *McCabe v ABB, Inc.*, 190036/2019, with *Moore v AO Smith Water Products Co.*, 190054/2017, and *Surace v Amchem Products, Inc.*, 190017/2014. In addition to the joint opposition by all defendants, defendant Union Carbide Corporation submits individual opposition papers. Defendant Union Carbide Corporation argues that there are laws and facts specific to it in the cases in which it is a defendant, joint trials are not permissible where plaintiff seeks punitive damages, and that plaintiff failed to satisfy the *Malcolm* factors or establish that consolidation would not confuse the jury and prejudice defendants. However, after reviewing all the *Malcolm* factors, the Court finds that plaintiffs, Mr. McCabe, Mr. Moore Sr., and Mr. Surace, were all exposed to asbestos through their employment as union carpenters and through their handling of similar materials and equipment such as floor tiles and joint compound. These three (3) plaintiffs have similar times of exposure in that Mr. McCabe was exposed to asbestos from 1958 to 1995, Mr. Moore Sr. was exposed to asbestos from 1956 to 1990, and Mr. Surace was exposed to asbestos from 1953 to 1995. Additionally, all 3 plaintiffs developed lung cancer from which all 3 plaintiffs are currently battling, the discovery in all of these actions are complete, and the 3 plaintiffs have the same counsel. Thus, seven of the eight *Malcolm* factors have been satisfied.

As for Group 4, plaintiff seeks to consolidate *Salinari, Sr. v Air & Liquid Systems,*

190144/2018   SERVEDIO, CHARLES vs. A.O. SMITH WATER PRODUCTS CO                    Page 5 of 10
Motion No. 002

5 of 10

190151/2019, with *Sanese v AO Smith Water Products Co.*, 190190/2013, and *Goldstein v Amchem Products, Inc.*, 190159/2020. In addition to the joint opposition by all defendants, defendants Union Carbide Corporation, The Goodyear Tire & Rubber Company (hereinafter referred to as defendant "Goodyear Tire"), and DAP, Inc. submit individual opposition papers. Defendant Union Carbide Corporation argues that there are laws and facts specific to it in the cases in which it is a defendant, joint trials are not permissible where plaintiff seeks punitive damages, and that plaintiff failed to satisfy the Malcolm factors or establish that consolidation would not confuse the jury and prejudice defendants. Defendant Goodyear Tire opposes the consolidation of the 3 actions in Group 4, but specifically opposing the consolidation of the *Goldstein* action with either, or both of, the *Salinari Sr.* or the *Sanese* actions, arguing that Mr. Goldstein does not share the necessary Malcolm factors sufficient for a joint trial, and that Mr. Goldstein had a significantly higher smoking history than either Mr. Salinari Sr. or Mr. Sanese, and that defendant Goodyear Tire is a defendant solely in the *Goldstein* action. Defendant Goodyear Tire further argues that plaintiff's medical causation expert in the *Goldstein* action differs from the medical causation expert in the *Salinari Sr.* and *Sanese* actions. Defendant DAP, Inc. argues that it is only a defendant in the *Goldstein* case, that it was not afforded the opportunity to participate in discovery in the *Salinari Sr. and Sanese* actions, and that consolidation of the actions would result in the jury overlooking defendant DAP, Inc.'s general causation defense as to its specific product at issue only in the *Goldstein* action.

However, despite the defendants' contentions, in reviewing all the *Malcolm* factors, the Court finds that plaintiffs, Mr. Salinari Sr., Mr. Sanese, and Mr. Goldstein, were all exposed to asbestos through their employment and through their handling of similar materials and equipment such as vinyl floor tiles, joint compound, and sheet rock. Mr. Salinari, Sr. and Mr.

**190144/2018  SERVEDIO, CHARLES vs. A.O. SMITH WATER PRODUCTS CO**
Motion No. 002

**Page 6 of 10**

6 of 10

[* 6]

Sanese were additionally exposed to pumps, valves, gaskets, and insulation. Moreover, these 3 plaintiffs have similar times of exposure in that Mr. Salinari Sr. was exposed to asbestos from 1955 to the mid 1970's, Mr. Sanese was exposed to asbestos from 1957 to 1979, and Mr. Goldstein was exposed to asbestos from 1955 to 1992. Additionally, all 3 plaintiffs developed lung cancer from which all 3 plaintiffs are currently battling, the discovery in all of these actions are complete, and the 3 plaintiffs have the same counsel. Counsel for the opposing defendant Union Carbide Corporation represents such defendant in all 3 actions. Thus, six of the eight *Malcolm* factors have been satisfied.

As to Group 5, plaintiff seeks to consolidate *Ober v Amchem Products, Inc.*, 190465/2018, with *Burns v AO Smith Water Products Co.*, 190016/2019, and *Sudano v AO Smith Water Products Co.*, 190175/2017. Despite the defendants' contentions, after reviewing all the *Malcolm* factors, Mr. Buckley, Mr. Burns, and Mr. Ober were all exposed to asbestos through their employment and through their handling of similar materials and equipment such as boilers, pumps, valves, gaskets, and insulation. These 3 plaintiffs also have similar times of exposure in that Mr. Buckley was exposed to asbestos from 1969 to 2011, Mr. Burns was exposed to asbestos from 1958 to 2013, and Mr. Ober was exposed to asbestos from 1974 to 1994. Moreover, the 3 plaintiffs developed lung cancer from which all 3 plaintiffs subsequently passed away, the discovery in these actions are complete, and the 3 plaintiffs have the same counsel. Additionally, defendants Burnham LLC, ITT LLC, and Peerless Industries, Inc. are common defendants. Thus, six of the eight *Malcolm* factors have been satisfied.

As to Group 6, plaintiff seeks to consolidate *Mooney v Amchem Products, Inc.*, 190249/2019, with *Cloonan v Aerco Int'l, Inc.*, 190014/2019. Despite defendants' contentions, after reviewing all the *Malcolm* factors, the Court finds that plaintiffs, Mr. Mooney and Mr.

**190144/2018  SERVEDIO, CHARLES vs. A.O. SMITH WATER PRODUCTS CO**
Motion No. 002

**Page 7 of 10**

7 of 10

Cloonan were both exposed to asbestos through their employment, of which they both worked at the Astoria powerhouse. Both plaintiffs maintained, repaired, and inspected pipes and worked with other similar materials such as gaskets and insulation. Moreover, Mr. Mooney and Mr. Cloonan's overlapping period of exposure spanned two decades from the 1960s to the 1980s. Additionally, both plaintiffs developed lung cancer from which both plaintiffs subsequently passed away, the discovery in both actions are complete, and the plaintiffs have the same counsel. Thus, at least six of the eight *Malcolm* factors have been satisfied.

There are common issues of law and fact in these 6 groups of actions. The CMO explicitly states that the Court may order joinder of cases based upon the *Malcolm* factors and that not all such factors must be present. Here, the *Malcolm* factors support joinder of these actions separated into the 6 groups detailed above. As Hon. Manuel Mendez previously held, "[j]udicial economy would be served by consolidating the actions of deceased plaintiffs with mesothelioma and whose exposure was related to their work on similar products... . In these case consolidations: (1) the central issue is the same; (2) it is the same Plaintiffs' counsel in the actions; (3) the Plaintiffs suffered from the same disease; (4) the Plaintiffs in the group are all deceased; and (5) the Plaintiffs were exposed...in a similar manner." *Haley v ABB, Inc.*, 190150/19, mot. 008, dated December 11, 2019. Moreover, the CMO specifically permits the joint trial of three actions where, as here, three or more of the *Malcolm* factors have been met and the three plaintiffs share the same disease. Although the plaintiffs did not share common worksites, this does not preclude joinder of the cases for trial. Adequate safeguards can be put in place during the trial to avoid juror confusion and specific instructions may be given to address defendants' concerns. Moreover, the CMO specifies that "[a] plaintiff may drop a claim for punitive damages at the time of a motion for joinder in order to enable a case to be joined with

**190144/2018  SERVEDIO, CHARLES vs. A.O. SMITH WATER PRODUCTS CO**  **Page 8 of 10**
Motion No.  002

8 of 10

[* 8]

another one or two cases, if the case in question otherwise satisfies the conditions set forth herein." CMO, §XXV. C. Plaintiff's Affirmation in Further Support of Motion for Joint Trial, dated August 14, 2023, states that plaintiffs are dropping their claims for punitive damages in the cases above to enable them to be eligible for joinder. Thus, plaintiff's motion seeking joint trials is granted.

Accordingly, it is

ORDERED that plaintiff's motion seeking joint trials is granted; and it is further

ORDERED that a joint trial is granted as to *Servedio v AO Smith Water Products Co.*, 190144/2018 and *Funicello v Amchem Products, Inc., et. al.*, 190247/2019; and it is further

ORDERED that a joint trial is granted as to *Frankini v Aerco Int'l, Inc., et. al.*, 190165/2020 and *Bomzer v A.F. Rockland Plumbing, et. al.*, 190019/2020; and it is further

ORDERED that a joint trial is granted as to *McCabe v ABB, Inc.*, 190036/2019, *Moore v AO Smith Water Products Co.*, 190054/2017, and *Surace v Amchem Products, Inc.*, 190017/2014; and it is further

ORDERED that a joint trial is granted as to *Salinari, Sr. v Air & Liquid Systems*, 190151/2019, *Sanese v AO Smith Water Products Co.*, 190190/2013, and *Goldstein v Amchem Products, Inc.*, 190159/2020; and it is further

ORDERED that a joint trial is granted as to *Ober v Amchem Products, Inc.*, 190465/2018, *Burns v AO Smith Water Products Co.*, 190016/2019, and *Sudano v AO Smith Water Products Co.*, 190175/2017; and it is further

ORDERED that a joint trial is granted as to *Mooney v Amchem Products, Inc.*, 190249/2019 and *Cloonan v Aerco Int'l, Inc.*, 190014/2019; and it is further

**190144/2018  SERVEDIO, CHARLES vs. A.O. SMITH WATER PRODUCTS CO**
**Motion No. 002**

**Page 9 of 10**

9 of 10

[* 9]

ORDERED that, within thirty days of entry, plaintiff shall serve a copy of this order upon all parties, together with notice of entry.

This constitutes the Decision/Order of the Court.

_____12/27/2023_____
**DATE**

_____
**ADAM SILVERA, J.S.C.**

CHECK ONE:

| | | | | |
|---|---|---|---|---|
| ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | | |
| ☒ GRANTED | ☐ DENIED | ☐ GRANTED IN PART | | ☐ OTHER |

APPLICATION:

☐ SETTLE ORDER ☐ SUBMIT ORDER

CHECK IF APPROPRIATE:

☐ INCLUDES TRANSFER/REASSIGN ☐ FIDUCIARY APPOINTMENT ☐ REFERENCE

**190144/2018 SERVEDIO, CHARLES vs. A.O. SMITH WATER PRODUCTS CO**
Motion No. 002

**Page 10 of 10**

10 of 10

[* 10]